IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12-CR-067 |
| | ) | |
| LARRY SHANE MORGAN | ) | |

**MEMORANDUM AND ORDER**

The defendant is charged in six counts of an eight-count Superseding Indictment. He faces two robbery charges (Counts 1 and 3), a firearms charge relating to each robbery (Counts 2 and 4), and two charges of being a felon in possession of ammunition (Counts 5 and 6). The defendant has filed a motion to sever the charges [doc. 67], to which the government has responded in opposition [doc. 95].

On September 27, 2012, Chief United States Magistrate Judge Dennis H. Inman conducted an evidentiary hearing and pretrial conference on the numerous motions filed by the defense. A transcript of that hearing has been filed [doc. 140] and has been carefully reviewed by the court.

The magistrate judge subsequently issued an order denying the motion to sever [doc. 130]. The defendant now appeals that order [doc. 142]. The government has filed a response [doc. 154].

Joinder of offenses is proper under Rule 8(a) of the Federal Rules of Criminal Procedure "if the offenses charged . . . are of the same or similar character, or are based on

the same act or transaction, or are connected with or constitute parts of a common scheme or plan." As noted by the magistrate judge, it is unclear from the defendant's motion precisely *which* counts he wants tried separately, and the cursory notice of appeal adds no illumination on that point. The court's review of the hearing transcript indicates that the defendant's primary concern appears to be with the two robberies, which defense counsel incorrectly argued took place "a couple of weeks" apart. [Doc. 140, p.4]. Ultimately, defense counsel distilled the severance argument to the following: "[O]ur argument is that the charges in this case do lend themselves to the jury simply concluding that if they find him guilty of one, then [they] will find him guilty of both" [doc. 140, p.3], presumably in reference to the robberies.

The court disagrees. In both its opening and its closing charge, the court will instruct the jurors regarding their duty to separately consider each of the six charges, consistent with Sixth Circuit Pattern Criminal Jury Instruction 2.01A. It is presumed that the jurors will follow that instruction. *See United States v. Cody*, 498 F.3d 582, 588 (6th Cir. 2007).

Moreover, the court finds that the requirements of Rule 8(a) are well-satisfied in this case. The two robberies took place four days apart. The male robber's conduct, clothing, and getaway vehicle were substantially similar in each crime. Further, presuming the allegations to be true, the guns in Counts 2 and 4 are connected, as in turn is the ammunition charged in Counts 5 and 6.

The court may in its discretion sever charges if the joinder of those counts "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). A defendant "must make a strong showing of prejudice," specifically illustrating an inability by the jury to consider the evidence separately as to each count. *United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985). The defendant's unstructured complaints in this case fall dramatically short of his burden under Rule 14.

For these reasons, and for the reasons set forth in Magistrate Judge Inman's order, that order [doc. 130] is **AFFIRMED**. The defendant's motion to sever [doc. 67] is **DENIED**, and his appeal [doc. 142] is **OVERRULED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge